

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

|  |  |  |
|---|---|---|
| AMRIK HENDIAZAD, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 1:19-cv-1270 |
| | ) | |
| OCWEN LOAN SERVICING, LLC, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### <u>MEMORANDUM OPINION</u>

THIS MATTER comes before the Court on remand from the U.S. Court of Appeals for the Fourth Circuit.

In April of 2010, Plaintiffs executed a Deed of Trust which secured a mortgage to purchase real property in Loudoun County, Virginia. U.S. Mortgage Finance Corporation was the original lender on the mortgage and the trustee on the Deed of Trust was Palma J. Collins. Using the Mortgage Electronic Registration System to facilitate the transaction, Defendant Ocwen Loan Servicing, LLC became the mortgage noteholder on Plaintiffs' property. On October 14, 2016, Ocwen appointed a substitute trustee. Several years later, in September of 2019, Defendants hired BWW Law Group to initiate foreclosure proceedings against the Plaintiffs' property.

Plaintiffs allege that Ocwen did not have standing to initiate foreclosure proceedings because of irregularities in the process by which Ocwen was assigned the mortgage. Plaintiffs also assert that MERS is a necessary party because MERS facilitated the assignment of the mortgage to Ocwen without receiving proper authorization.

This Court dismissed Plaintiffs' Complaint on January 1, 2020, based on *res judicata*. The Fourth Circuit reversed that determination, stating that this Court must first determine whether it can properly exercise removal jurisdiction. Hendiazad v. Ocwen Loan Servicing, LLC, 828 F. App'x 923 (4th Cir. 2020). The Court now finds that it has jurisdiction over this case based on both diversity and federal question. 28 U.S.C. § 1331-32.

Although Plaintiffs and Defendant MERS are both Virginia citizens, this Court has diversity jurisdiction based on the fraudulent joinder doctrine. Fraudulent joinder allows the court to "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999); see Pham v. Bank of N.Y., 856 F. Supp. 2d 804, 809 (E.D. Va. 2012). "To show fraudulent joinder, the removing party must demonstrate . . . that 'there is no possibility that the

2

plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" Hartley v. CSX Transp., 187 F.3d 422, 424 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). The Fourth Circuit has clarified that this test is met when "there is no 'reasonable basis for predicting that state law might impose liability on the facts involved.'" Boss v. Nissan N. Am., Inc., 228 F. App'x 331, 335 (4th Cir. 2007) (per curiam) (quoting Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)).

In Pham, the plaintiffs lost their home in a foreclosure sale and brought an action against the note holder and MERS based on MERS's assignment of a Deed of Trust. 856 F. Supp. 2d at 810. In Virginia, trustees can foreclose on a property in default without ever seeking judicial intervention. Id. Since noteholders do not need to prove the path by which they received the note as a security, plaintiffs cannot join additional parties just to prove the chain of custody. Id. MERS acted as a mere "agent[] of the real party at interest[.]" Id. at 811.  The court held that MERS was fraudulently joined because MERS did nothing more than assign the deed. Id.

Just like in Pham, Plaintiffs bring MERS into this case by complaining of MERS's failure to follow the proper procedures for assigning the mortgage to Ocwen. Plaintiffs allege that MERS

did not have the requisite authority to assign the mortgage and that MERS has not presented evidence that the mortgage was assigned according to law. Virginia does not recognize a cause of action that allows Plaintiffs to come to court and demand that a noteholder prove its authority to foreclose. See Pham, 856 F. Supp. 2d at 810. Plaintiffs cannot bring "claims [that] merely recast a 'show me the note' theory, which has been widely rejected as 'contrary to Virginia's non-judicial foreclosure laws.'" Id. (quoting Gallant v. Deutsche Bank Nat'l Trust Co., 766 F. Supp. 2d 714, 721 (W.D. Va. 2011)). Virginia law similarly disallows "show me the noteholder's authority" claims like those presented here against MERS. Id.; see also Horvath v. Bank of N.Y., N.A., 641 F.3d 617, 623 (4th Cir. 2011).

In this case, MERS "is merely a pass-through," Sheppard v. BAC Home Loans Servicing, LP, 2012 WL 204288, at *6 (W.D. Va. Jan. 24, 2012), and Plaintiffs do not have a "glimmer of hope" of recovering against MERS in state court. Based on the doctrine of fraudulent joinder, the Court disregards MERS's citizenship for purposes of jurisdiction. Hartley, 187 F.3d at 426.

The remaining Defendant, Ocwen, is a citizen of Florida. Plaintiffs are Virginia citizens. This Court has subject-matter jurisdiction over this case based on diversity, since the citizenship of the parties is diverse and the amount in controversy is greater than $75,000.

Additionally, this Court has jurisdiction over this case based on the presence of a federal question. "Federal-question jurisdiction is not limited to cases where federal law creates the cause of action." Columbia Gas Transmission Corp. v. Drain, 191 F.3d 552, 557 (4th Cir. 1999). When a significant federal element is present in the case, federal courts may exercise jurisdiction to resolve how that element affects a plaintiff's right to relief. Id.; see also Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005).

In this case, Plaintiffs bring only state causes of action. However, one of Plaintiffs' claims hinges almost entirely on the interpretation of federal regulations and laws. In Count II of the Complaint, Plaintiffs seek a declaratory judgment that Ocwen did not have standing to initiate a foreclosure sale. Plaintiffs argue that Ocwen did not have standing because "Defendant Ocwen is in violation of . . . Federal laws[.]" Plaintiffs assert that according to 12 C.F.R. § 226.39(a)(1) and 15 U.S.C. § 1641(f)(1), Ocwen did not have the authority to foreclose on Plaintiffs' property.

The declaratory judgment that Plaintiffs seek depends entirely on the interpretation of federal law and federal regulations. Without the presence of federal law, Plaintiffs do not have a basis for seeking a declaratory judgment. Plaintiffs' Complaint centers on Ocwen's authority to foreclose, and federal

law plays a substantial role in answering that question. "The meaning of the [HUD regulations] is an important issue of federal law that sensibly belongs in a federal court." Grable & Sons Metal Prods., 545 U.S. at 315. Since Count II presents a federal question, this Court may also properly assert supplemental jurisdiction over Plaintiffs' remaining state-law claims. 28 U.S.C. § 1367.

This Court has subject-matter jurisdiction over this case on the basis of both diversity and federal question. Since the jurisdictional issue is resolved, the Court turns to Defendants' Motion to Dismiss.

The doctrine of *res judicata* bars this action from proceeding. A judgment in a prior suit bars any future suit between the same parties on the same cause of action. See Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004). The bar applies not only to claims that were actually brought in the prior case, but also to any claims arising from the same transaction or occurrence that could have been brought. Id. The doctrine of *res judicata* applies when three elements are met: "1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the

6

earlier proceeding." Pittston Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999) (quoting First Union Commercial Corp. v. Nelson, Mullins, Riley & Scarborough (In re Varat Enters.), 81 F.3d 1310, 1315 (4th Cir. 1996)).

The Plaintiffs first brought an action against Ocwen and MERS in December of 2018. The 2018 Complaint asserted many of the same causes of action that Plaintiffs bring in this case. Any additional causes of action asserted in this case could have been brought at the time the 2018 Complaint was filed. All of the issues from 2018 and those currently before the Court arise out of the same transaction or occurrence. Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 162 (4th Cir. 2008) (quoting Pittston Co., 199 F.3d at 704). The Court dismissed the 2018 lawsuit on the merits. See Hendiazad v. Ocwen Loan Servicing, LLC, 2019 WL 1497026 (E.D. Va. Apr. 4, 2019).

All of the elements of *res judicata* are met. Since Plaintiffs could have brought these claims against these same Defendants at the time of the prior suit, *res judicata* bars Plaintiffs from relitigating these claims now.

For the forgoing reasons, this Court finds that Plaintiffs' Motion to Remand should be denied, and Defendants' Motion to Dismiss should be granted. An appropriate order shall issue.

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
May 24, 2021